IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LISA B. FELDMAN | : | |
| | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | NO. 12-4112 |
| WALTER I. HOFFMAN, M.D. | : | |
| | : | |
| Defendant. | : | |

MEMORANDUM

BUCKWALTER, S.J.                                                                                             January 23, 2013

Currently pending before the Court is Defendant Walter I. Hoffman, M.D.'s Motion to Dismiss Plaintiff Lisa Feldman's Second Amended Complaint. For the following reasons, the Motion is granted.

I.       FACTUAL AND PROCEDURAL BACKGROUND

This suit follows the tragic suicide of Plaintiff's son, Evan Klausen. At issue is the suicide note left by Evan and whether Defendant Hoffman improperly withheld the note from Ms. Feldman while conducting an investigation into the circumstances of the death. The facts, as set forth in the Second Amended Complaint, are as follows.[1]

---

[1] The Court adopts these facts from the Second Amended Complaint and not from Plaintiff's proposed Third Amended Complaint. To the extent Plaintiff seeks to amend the Complaint to add another claim under 42 U.S.C. § 1983 for the improper publication of her son's suicide note, the Motion is denied. Because Plaintiff placed the suicide note at issue by bringing this lawsuit, Defendant's use of the note in his Motion to Dismiss was reasonable. Similarly, Plaintiff's Motion to have the exhibit placed under seal is denied for the same reason.

Evan Klausen took his own life on September 9, 2011. (Second Am. Compl. ¶ 18.) Before doing so, he left a suicide note addressed to (among others) his mother, Plaintiff Lisa Feldman. (Id.; Defs.' Mot. Dismiss, Ex. 2, Evan Klausen's Suicide Note.) This letter was left in Evan's home on his dining room table and was found after his death. (Second Am. Compl. ¶ 20.) Defendant Walter Hofman, Coroner for Montgomery County, Pennsylvania, took possession of Evan's body and the note following his death. (Id. ¶¶ 8, 23.) Following an examination, Dr. Hofman ruled that Evan's death was a suicide and issued a death certificate to that effect on September 14, 2011. (Id. ¶ 24.) On the same day, Dr. Hofman returned Evan's personal property to Ms. Feldman, including Evan's wallet and cellular telephone. (Id. ¶ 25.) Ms. Feldman requested that Dr. Hofman return the suicide note, as well. (Id. ¶ 26.) Dr. Hofman refused, telling Ms. Feldman it was his "policy" not to release a letter of this kind. (Id. ¶ 28.) When asked by Ms. Feldman when he planned on returning the letter to her, Dr. Hofman replied "never." (Id. ¶ 30.) Ms. Feldman informed Dr. Hofman that he was causing her immeasurable emotional distress by withholding the letter, given that it contained Evan's last words to her. (Id. ¶ 32.)

Ms. Feldman obtained legal counsel and brought suit in the Orphans Court division of the Montgomery County Court of Common Pleas. (Id. ¶ 35.) On October 24, 2011, the court issued a preliminary decree ordering Dr. Hofman to show cause as to why he should not be required to turn the note over to Ms. Feldman. (Id.) The decision of the Court of Common Pleas required Dr. Hofman to respond by December 2, 2011. (Id. ¶ 36.) After being served with notice of the ruling, Dr. Hofman contacted Ms. Feldman's attorneys and informed them that Ms. Feldman

could come and personally pick up the letter from the Coroner's office. (Id. ¶ 38.) Ms. Feldman did so. (Id. ¶ 39.)

Ms. Feldman brought the instant case on July 19, 2012, bringing four counts against Dr. Hofman for his retention of the suicide note: (1) violation of procedural due process pursuant to 42 U.S.C. § 1983; (2) violation of substantive due process pursuant to 42 U.S.C. § 1983; (3) intentional infliction of emotional distress; and (4) conversion. After Ms. Feldman filed two different amended complaints, Dr, Hoffman filed the instant Motion to Dismiss on November 29, 2012. Ms. Feldman filed a response in opposition to the Motion to Dismiss on December 17. The Court now considers the merits of the motion.

## II.   STANDARD OF REVIEW

Under Rule 12(b)(6), a defendant bears the burden of demonstrating that the plaintiff has not stated a claim upon which relief can be granted. Fed. R. Civ. P.12(b)(6); see also Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005). In Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007), the United States Supreme Court recognized that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555. Following these basic dictates, the Supreme Court, in Ashcroft v. Iqbal, 556 U.S. 662 (2009), subsequently defined a two-pronged approach to a court's review of a motion to dismiss. "First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678. Thus, although "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era . . . it does not

unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 678–79.  Second, the Supreme Court emphasized that "only a complaint that states a plausible claim for relief survives a motion to dismiss." Id. at 679. "Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. A complaint does not show an entitlement to relief when the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct. Id.; see also Phillips v. Cnty. of Allegheny, 515 F.3d 224, 232-34 (3d Cir. 2008) (holding that: (1) factual allegations of complaint must provide notice to defendant; (2) complaint must allege facts suggestive of the proscribed conduct; and (3) the complaint's "'factual allegations must be enough to raise a right to relief above the speculative level'") (quoting Twombly, 550 U.S. at 555)).

Notwithstanding these new dictates, the basic tenets of the Rule 12(b)(6) standard of review have remained static. Spence v. Brownsville Area Sch. Dist., No. Civ.A.08-626, 2008 WL 2779079, at *2 (W.D. Pa. July 15, 2008).  The general rules of pleading still require only a short and plain statement of the claim showing that the pleader is entitled to relief and need not contain detailed factual allegations. Phillips, 515 F.3d at 233.  Further, the court must "accept all factual allegations in the complaint as true and view them in the light most favorable to the plaintiff." Buck v. Hampton Twp. Sch. Dist., 452 F.3d 256, 260 (3d Cir. 2006).  Finally, the court must "determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Pinkerton v. Roche Holdings Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002).

### III.   DISCUSSION

    **A.**    **Section 1983 Claims**

Ms. Feldman brings claims under § 1983 for violations of procedural and substantive due process for the two months Dr. Hofman withheld the suicide note from her. Dr. Hofman responds that he is entitled to qualified immunity for these claims.

Qualified immunity provides that government officials are immune from suits for civil damages under 42 U.S.C. § 1983 "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Messerschmidt v. Millender, 132 S. Ct. 1235, 1244 (2012) (quotations omitted). This doctrine attempts to balance the competing values of protecting innocent individuals from litigation while allowing liability for those who abuse their discretion. Harlow v. Fitzgerald, 457 U.S. 800, 814 (1982). The qualified immunity analysis is specific to each individual defendant and considers the totality of the circumstances at the time of the defendant's challenged conduct. Curley v. Klem, 499 F.3d 199, 207 (3d Cir. 2007).

The qualified immunity inquiry is a question of law consisting of two prongs to be considered in any order. Pearson v. Callahan, 555 U.S. 223, 232 (2009). The first question is "whether the facts that a plaintiff has alleged or shown make out a violation of a constitutional right." Id. at 232 (internal citation omitted). The second inquiry asks "whether the right at issue was 'clearly established' at the time of defendant's alleged misconduct." Id. "A Government official's conduct violates clearly established law when, at the time of the challenged conduct, '[t]he contours of [a] right [are] sufficiently clear' that every 'reasonable official would have understood that what he is doing violates that right.'. . .We do not require a case directly on point, but existing precedent must have placed the statutory or constitutional question beyond debate." Ashcroft v. al-Kidd, 131 S. Ct. 2074, 2083 (2011) (quoting Anderson v. Creighton, 483

U.S. 635, 640 (1987)).  "This inquiry turns on the objective legal reasonableness of the action, assessed in light of the legal rules that were clearly established at the time it was taken." Pearson, 555 U.S. at 244 (internal quotation marks omitted).  The court must consider "the information within the [official's] possession at that time." Harvey v. Plains Twp. Police Dep't, 421 F.3d 185, 194 (3d Cir. 2005) (citing Anderson, 483 U.S. 635).

      Ms. Feldman claims that Dr. Hofman violated her procedural due process and substantive due process rights under the Fourteenth Amendment.  "At the core of procedural due process jurisprudence is the right to advance notice of significant deprivations of liberty or property and to a meaningful opportunity to be heard." Abbott v. Latshaw, 164 F.3d 141, 146 (3d Cir. 1998) (internal citations omitted).  In order to successfully establish a prima facie case of a procedural due process violation, a plaintiff must show: (1) there has been a deprivation of the plaintiff's liberty or property, and (2) the procedures used by the government to remedy the deprivation were constitutionally inadequate.  See Mulholland v. Gov't of Cnty. of Berks, No. Civ.A.10-5616, 2012 WL 1057446, at *8 (E.D. Pa. Mar. 29, 2012) (citing Studli v. Child. & Youth & Fam. Ctr. Reg'l Office, 346 F. App'x 804, 813 (3d Cir. 2009)).  Remedial procedures will be found to be constitutionally inadequate if "they contain a defect so serious [as to] characterize the procedures as fundamentally unfair."  See Leonard v. Owen J. Roberts Sch. Dist., No. Civ.A.08-2016, 2009 WL 603160, at *4 (E.D. Pa. Mar. 5, 2009) (citing Daniels v. Williams, 474 U.S. 327, 341 (1987) (Stevens, J., concurring)).  Put differently, if a plaintiff avers a lack of adequate procedures to protect his constitutional interest at issue, then the inquiry is whether the government in fact has an established procedure in place that would remedy the infringement.  As such, the focus in procedural due process claims is on the adequacy of the

remedial procedure, and not on the government's actual actions that allegedly deprived the individual of his liberty or property interest.  Leonard, 2009 WL 603160, at *4.

The substantive component of the Due Process Clause, on the other hand, bars certain arbitrary and wrongful government actions that would deprive an individual of life, liberty, or property.  Tazioly v. City of Phila., No. Civ.A.97-1219, 1998 WL 633747, at *7 (E.D. Pa. Sept. 10, 1998) (citing Zinermon v. Burch, 494 U.S. 113, 125 (1990)).  The first step in assessing a substantive due process claim is to identify the constitutional interest that was allegedly aggrieved.  See Harris v. Lehigh Cnty. Office of Child. & Youth Servs., 418 F. Supp. 2d 643, 647 (E.D. Pa. 2005) (citing Williams v. Borough of W. Chester, 891 F.2d 458, 464 (3d Cir. 1989)); Wessie Corp. v. Sea Isle City Zoning Bd. of Adjustment, No. Civ.A.06-589, 2007 WL 1892473, at *3 (D.N.J. June 29, 2007).

Dr. Hofman contends that Ms. Feldman cannot demonstrate a violation of either procedural or substantive due process because there is no property right under the Constitution that has been violated.  He contends that, because Evan's note was addressed to and spoke to multiple persons and not only Ms. Feldman, she does not have a constitutional right to the letter such that her due process was violated.

Assuming for the sake of this opinion only that (1) Ms. Feldman did have a property interest in the letter, (2) the withholding of the suicide note for two months was a withholding of property in violation of the Constitution, Dr. Hofman's actions were not so clearly a violation such that every reasonable official acting in his position would recognize it as such.  While we pass no judgment on whether Dr. Hofman's withholding of the letter was ethical or moral under the circumstances, it is beyond question that his actions were not so blatant as to put them outside

the coverage of qualified immunity.  As such, Dr. Hofman's motion is granted as to Counts I and II.

      B.      **State Law Claims**

Dr. Hofman contends that, having dismissed the § 1983 claims, the Court should decline to exercise supplemental jurisdiction over the remaining state law claims (Count III for intentional infliction of emotional distress and Count IV for conversion).  Under 28 U.S.C. § 1367, "a district court has authority to exercise supplemental jurisdiction over non-federal claims arising from the same case or controversy as the federal claim." De Asencio v. Tyson Foods, Inc., 342 F.3d 301, 308 (3d Cir. 2003).  "The purpose of supplemental jurisdiction is to promote convenience and efficient judicial administration."  Resnick v. Lower Burrell Police Dept., No. Civ.A.09-893, 2010 WL 88816, at *3 (W.D. Pa. Jan. 8, 2010).  When the district court dismisses all of the claims over which it had original jurisdiction, it may decline to exercise supplemental jurisdiction.  28 U.S.C. § 1367(c)(3).  "A district court's decision whether to exercise [supplemental] jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary." Carlsbad Tech., Inc. v. HIF Bio, Inc., 556 U.S. 635, 639 (2009).  In order to determine whether supplemental state law claims should be dismissed when the federal law claims have been eliminated before trial, the court must consider the balance of factors including judicial economy, convenience, fairness, and comity.  Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988).

Because the current case is relatively young and has not advanced past the pleadings stage, the Court declines to exercise supplemental jurisdiction over the two remaining state law claims.  There is nothing about the facts of this case which suggest judicial economy or comity

would be negatively affected, nor is there any reason to believe pursuing the claims in state court would be inconvenient or unfair to either party.

### IV.     CONCLUSION

In light of the foregoing, the Court grants Defendant's Motion to Dismiss. The § 1983 claims are dismissed because Defendant is entitled to qualified immunity. Even if all the facts as alleged are true, there is no indication that Dr. Hofman's withholding Evan's suicide note clearly and without question violated a clearly established Constitutional right. Without a federal claim to anchor the case in federal court, we also decline to exercise supplemental jurisdiction over the remaining state law claims for intentional infliction of emotional distress and conversion.

An appropriate Order follows.